UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST HOWARD SHARPLEY, III,<br><br>Plaintiff,<br><br>v.<br><br>MALEC, et al.,<br><br>Defendants. | No. 1:18-cv-01122-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 10) |

Plaintiff Ernest Howard Sharpley, III is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 31, 2018, the assigned magistrate judge screened plaintiff's complaint and found that it stated a cognizable retaliation claim against defendants Malec and Boardman, but did not state any other claims for relief. (Doc. No. 7.) The court granted plaintiff leave to amend the complaint or notify the court in writing of his intent to proceed only on the retaliation claim. (*Id.*) On September 17, 2018, plaintiff notified the court of his intent to proceed only on the retaliation claim found to be cognizable in the screening order. (Doc. No. 9.) Therefore, on September 19, 2018, the magistrate judge issued findings and recommendations recommending that the action proceed only on the retaliation claim against defendants Malec and Boardman, and that all other claims be dismissed for the reasons stated in the magistrate judge's August 31, 2018

1

1 | screening order. (Doc. No. 10.) The findings and recommendations were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen days. (*Id.*) On October 12, 2018, plaintiff filed objections. (Doc. No. 13.)

In his objections, plaintiff simply argues that his due process claim is related to his retaliation claim and should therefore proceed. (*Id.* at 1.) However, as stated in the August 31, 2018 screening order, plaintiff has failed to establish a liberty interest giving rise to any alleged due process violation. (Doc. No. 7 at 4.) Accordingly, plaintiff has not stated a cognizable due process claim upon which he could be entitled to relief. In his objections, plaintiff also renews his request for appointment of counsel. (Doc. No. 13 at 1.) However, for the reasons stated by the magistrate judge in the August 31, 2018 screening order (*see* Doc. No. 7 at 4–5), plaintiff has not yet demonstrated exceptional circumstances to warrant appointment of counsel in this case.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly:

1. The findings and recommendations issued September 19, 2018 (Doc. No. 10) are adopted in full;
2. This action shall proceed against defendants Malec and Boardman on plaintiff's retaliation claim;
3. Plaintiff's due process claim is dismissed from this action for failure to state a cognizable claim for relief;
4. Plaintiff's request for appointment of counsel is denied, without prejudice; and
5. The matter is referred back to the magistrate judge for initiation of service of process.

IT IS SO ORDERED.

Dated: **December 6, 2018**　　　　　　　　　　　／s／ Dale A. Drozd
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

2