# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST HOWARD SHARPLEY, III. <br><br> Plaintiff, <br><br> v. <br><br> MALEC, et.al., <br><br> Defendants. | Case No.: 1:18-cv-01122-DAD-SAB (PC) <br><br> FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT <br><br> [ECF No. 30] |

Plaintiff Ernest Howard Sharpley, III. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for summary judgment, filed July 8, 2019.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants E. Malec and S. Boardman for retaliation in violation of the First Amendment.

On March 5, 2019, Defendants filed an answer to the complaint. On March 6, 2019, the Court issued the discovery and scheduling order.

As previously stated, on July 8, 2019, Defendants filed an exhaustion-related motion for summary judgment. Plaintiff filed an opposition on July 18, 2019, and Defendants filed a reply on

July 24, 2019. Accordingly, Defendants' motion is deemed submitted without oral argument. Local Rule 230(l).

## II.

## LEGAL STANDARD

### A.  Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B.  Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

**III.**

**DISCUSSION**

**A.     Description of CDCR's Administrative Remedy Process**

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review:

3

(1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

**B.     Allegations of Complaint**

On March 19, 2018, Plaintiff attempted to circulate a CDC form 602 group appeal, when Plaintiff was approached by officer Malec and addressed as being in possession of what he called a "snitch 02." The grievance was taken from Plaintiff.

The next day, on March 20, 2018, during designated dayroom time, officer Malec searched Plaintiff's cell and when Plaintiff attempted to see what was taken from his cell, Malec became belligerent. Plaintiff requested to speak to a supervisor. Officer Boardman joined officer Malec and Plaintiff again asked to speak with a supervisor. Boardman responded, "I am the supervisor," and Plaintiff was ordered to lock-up. Plaintiff then informed officer Malec that he was causing turmoil between Plaintiff and his cellmate Roth. Boardman then said, "so you P.C.ing up," to which Plaintiff stated "whatever" and was then escorted to the program office while both Boardman and Malec shouted "PC walking."

On March 20, 2018, Plaintiff was charged with a CDC-115 rules violation report for damaging state property of which he was not even aware of.

A hearing was held on April 15, 2018, and Plaintiff was charged $61.15 for property he had never damaged or seen without any supporting evidence. Plaintiff presented the testimony of his cellmate Roth who informed the chief hearing officer that he (Roth) slept on the lower bunk in cell

4

245 where Malec reported to having discovered the damaged state property. Plaintiff contends he was denied a fair hearing and lost ninety of privileges.

On May 21, 2018, Plaintiff received a second CDC-115 rules violation report by officer Boardman for destruction of state property. On June 30, 2018, Plaintiff was found not guilty. On July 5, 2018, Plaintiff was transferred from North Kern State Prison to San Quentin Reception Center.

**C.      Statement of Undisputed Facts**

1. During the events and issue and at the time he filed the operative complaint, Plaintiff Ernest Howard Sharpley (BF-6960) was an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR).

2. At all times relevant to this case, Plaintiff was housed at North Kern State Prison (NKSP). (ECF No. 1 at 4.)

3. At all times relevant to this case, Defendant Malec was a Correctional Officer at NKSP. (ECF No. 1 at 3.)

4. At all times relevant to this case, Defendant Boardman was a Correctional Officer at NKSP. (ECF No. 1 at 3.)

5. Plaintiff mailed and constructively filed the original complaint to the Court on August 16, 2018. (ECF No. 1 at 26.)

6. Plaintiff was housed at San Quentin State Prison when he filed the original complaint. (ECF No. 1 at 1, 26.)

7. At all times relevant to this case, CDCR has provided its inmates with a comprehensive administrative appeals process in which inmates may appeal a decision, action, condition, policy, or omission made by the Department or its staff, which the inmate believes has had a material adverse effect on their welfare. (Foston Decl. ¶ 3.)

8. The CDCR Office of Appeals (OOA) receives, reviews, and maintains all third level inmate appeals concerning non-medical issues. This is the final level of review in CDCR's administrative appeals process, and a final decision at this level is generally required to exhaust an inmate's administrative remedies for an appeal. (Foston Decl. ¶ 4.)

9. Plaintiff is aware of CDCR's administrative appeals process and availed himself of that process during his incarceration. (ECF No. 1 at 6; Foston Decl, Ex. A.)

10. Plaintiff's administrative appeal history shows that between March 19, 2018, and August 16, 2018, he did not exhaust an administrative appeal with the OOA. (Foston Decl. ¶ 10; Foston Decl, Ex. A.)

11. Plaintiff's administrative appeal history show that Plaintiff only filed and exhausted one non-medical appeal with the OOA regarding issues arising from his incarceration at NKSP. That appeal was given the institutional log number NKSP-18-01530. This appeal was denied and exhausted at the third level of review on August 20, 2018. (Foston Decl. ¶ 10; Foston Exs. A & B.)

### D. Defendants' Motion

Defendants argue that Plaintiff's administrative appeal history shows that he only exhausted one non-medical appeal during his incarceration, and he only exhausted that appeal after he filed the instant action.

As an initial matter, it is undisputed that Plaintiff is aware of CDCR's administrative appeal process and has availed himself of that process during his incarceration. Plaintiff filed and exhausted one non-medical appeal while he was in the custody of CDCR.

Plaintiff mailed and constructively filed the original complaint to the Court on August 16, 2018. Pursuant to the PLRA, Plaintiff was required to exhaust his administrative remedies prior to filing the instant action. Therefore, in order to properly exhaust the administrative remedies, Plaintiff had to file and exhaust a relevant appeal between March 19, 2018 (date of first encounter with Malec) and August 16, 2018 (date the complaint was filed). On the complaint form, Plaintiff submits that there was an available administrative process at his institution and he submitted and exhausted an appeal to the highest level of review. (ECF No. 1 at 6.)

Although Plaintiff's complaint is date-stamped "August 20, 2018," Plaintiff delivered the complaint to prison authorities for mailing on August 16, 2018. (ECF No. 1 at 26.) Under the mailbox rule, Plaintiff's complaint is therefore deemed filed "at the time [it is] delivered to the prison authorities for forwarding to the court clerk." Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). Therefore, the determinative issue is whether

Plaintiff filed and exhausted an administrative appeal to the final level of review before August 16, 2018, in relation to his retaliation claims against Defendants Malec and Boardman.

Defendants submit the declaration of D. Foston, Acting Chief of the OOA for the CDCR. Plaintiff's administrative appeal history demonstrates that he only exhausted one non-medical appeal while he was in the custody of CDCR (Appeal Log No. NKSP-18-01530 (TLR 1806892)), and this appeal was denied at the third level of review on August 20, 2018. There is no evidence that Plaintiff filed and exhausted any other appeal regarding his claims against Defendants Malec and Boardman.

In his opposition, Plaintiff argues, as he does in his complaint which precipitated his claim of retaliation, that he attempted to submit a group grievance on March 20, 2018, but it was confiscated by Defendant Malec. While these facts give rise to Plaintiff's claim of retaliation, Plaintiff was required to submit a separate appeal relating to his claim of retaliation, and he did not do so. Plaintiff's argument that Malec confiscated a "group" appeal on March 20, 2018 does not does not suffice to demonstrate that (1) Plaintiff submitted a timely appeal adequately grieving the retaliatory action taken on March 2018, in compliance with the applicable procedural rules, and (2) the process was rendered effectively unavailable with respect to this appeal.[1]  Williams v. Paramo, 775 F.3d 1182, 1191-92 (9th Cir. 2015).

Furthermore, even if this action was filed after he exhausted Appeal Log No. NKSP-18-01530 (TLR 1806892), this appeal would not have served to exhaust against Defendants Malec and Boardman because the appeal decisions did not address the retaliation claims at issue in this action. In Appeal Log No. NKSP-18-01530, Plaintiff challenged the RVR he received on March 20, 2018, for the destruction of state property. (Foston Decl. Ex. B.) Plaintiff claimed that he should have been

---

[1] To the extent Plaintiff's argument may be interpreted as arguing that he was deterred from filing a grievance regarding the retaliatory conduct, such argument is without merit. In McBride v. Lopez, 807 F.3d 982 (9th Cir. 2015), the Ninth Circuit held that a prisoner may be excused from exhausting administrative remedies if deterred by a threat of retaliation from a prison official. The prisoner must demonstrate that " '(1) the threat [of retaliation] actually did deter the plaintiff inmate from lodging a grievance or pursing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.'" Id. at 987 (quoting Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008). The first prong of the test if subjective, and the second prong of the test is objective. Id. at 988. Here, Plaintiff does not indicate that he was actually deterred from filing a grievance. Indeed, to the contrary, Plaintiff subsequently submitted Appeal Log No. NKSP-18-01530 (TLR 1806892) on April 26, 2018. Accordingly, Plaintiff has not satisfied the subjective prong of the McBride test.

provided the assistance of an investigative employee under California regulations, that there was insufficient evidence to find him guilty of the RVR, and the RVR was a retaliatory act by Malec after he authored a group appeal regarding access to the dayroom. However, the response at the second level of review only addressed the due process and evidentiary issues regarding the RVR, and advised Plaintiff that "[i]n regards to your claims of your RVT stemming from retaliatory acts and staff acting unprofessional when they escorted you out of the housing unit, you may submit a separate appeal regarding those issues, as these issues will not be discussed in this response." (Foston Decl. Ex. B, ECF No. 30-4 at p. 16.)[2] The third level decision affirmed the second level's findings regarding the due process and evidentiary issues, and did not address any of the retaliatory acts asserted in the appeal. (Foston Decl. Ex. B.) Pursuant to California regulations, administrative remedies are not exhausted for an issue being appealed unless it is "addressed through all required levels of administrative review up to and including the third level." Cal. Code Regs. tit. 15, § 3084.1(b). Because Plaintiff's retaliation claims were not addressed at the second and third-levels of review, this appeal does not serve to exhaust the retaliation claims. In addition, it is undisputed that Plaintiff did not file or exhaust any other appeals during his incarceration with CDCR. Accordingly, Defendants' motion for summary judgment should be granted, and the instant action should be dismissed, without prejudice, for failure to exhaust the administrative remedies.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants' motion for summary judgment be granted; and
2. The instant action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

///

---

[2] Pursuant to prison regulations, inmates are limited to one issue or related set of issues per appeal form submitted. Cal. Code Regs. tit. 15, § 3084.2(a)(3)-(4). Administrative remedies are not exhausted as to any new issue, information, or person that was not included in the originally submitted CDCR Form 602, even if identified in the supporting documents. Cal. Code Regs. tit. 15, §§ 3084.1, 3084.2(b)(1).

8

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**July 29, 2019**__

UNITED STATES MAGISTRATE JUDGE