UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST HOWARD SHARPLEY, III,<br><br>Plaintiff,<br><br>v.<br><br>MALEC, et al.,<br><br>Defendants. | No. 1:18-cv-01122-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS<br><br>(Doc. Nos. 30, 33) |

Plaintiff Ernest Howard Shipley, III, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 30, 2019, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment (Doc. No. 30) be granted due to plaintiff's failure to exhaust his administrative remedies prior to filing suit. (Doc. No. 33.) The findings and recommendations were served on the parties and contained notice that objections were due within twenty-one days. Though plaintiff opposed defendants' motion for summary judgment on July 18, 2019 (Doc. No. 31[1]), plaintiff filed an additional opposition on August 2,

---

[1] Plaintiff's opposition was filed as an "objection" and captioned as an objection to summary judgment but was treated by the magistrate judge as an opposition.

1

2019 (Doc. No. 34[2]). Plaintiff also filed objections to the findings and recommendations on August 9, 2019. (Doc. No. 35.) Defendants did not file a response to plaintiff's additional opposition to summary judgment or to plaintiff's objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections to the findings and recommendations and plaintiff's additional opposition to defendants' motion for summary judgment, the court finds the findings and recommendations to be supported by the record and by proper analysis.

The magistrate judge found the fact that one inmate appeal pursued by plaintiff was denied and exhausted at the third level of review on August 20, 2018 to be undisputed. (Doc. No. 33 at 6:6–9.) In opposing summary judgment for failure to exhaust, plaintiff stated "it is clear, without doubt that Administrative Remedies were Exhausted on the 20th day of August 2018," (Doc. No. 34 at 1:22–23), and that "Plaintiff did indeed Exhaust Administrative Remedies in regards to this matter," (Doc. No. 31 at 1:22–23). The magistrate also found that although plaintiff's complaint is date-stamped "August 20, 2018," under the mail box rule, plaintiff's complaint is deemed filed on August 16, 2018 because that is when he delivered the complaint to prison authorities for forwarding to the court clerk. (Doc. No. 33 at 6:24–27.) The court agrees with the magistrate judge's conclusion that plaintiff filed the complaint in this action before exhausting his administrative remedies. Moreover, even if the complaint in this action was filed after (or on the same day of) the third-level inmate appeal decision, the undersigned agrees with the magistrate judge's conclusion that plaintiff's retaliation claims presented in this action were not exhausted by that decision, which addressed only the due process and evidentiary issues plaintiff raised by plaintiff, not his claims of retaliation presented here. (*Id*. at 8:8–14.)

Plaintiff did not address any of the magistrate judge's findings in his objections. Instead, plaintiff asserts—for the first time and contrary to his prior statements—that "means to exhaust administrative remedies were not being provided to the plaintiff in this matter." (Doc. No. 35 at

---

[2] This additional opposition was filed as an "opposition" but was captioned as a "Traverse."

3:24–27.) Plaintiff now states that his attempts to inquire into the status of his inmate appeal "were ignored and manipulated to the point plaintiff felt there were no means of appeal." (Doc. No. 35 at 3:16–19.) Plaintiff argues that because he submitted his third level inmate appeal on May 13, 2018, under California Code of Regulations tit. 15, § 3084.8(c), a response to that inmate appeal was due within sixty days of that date. When he inquired with the appeals coordinator to ask what the due date was for a response to his third level appeal, plaintiff claims he was ignored. First, plaintiff incorrectly applies § 3084.8, which states in pertinent part, "[t]hird level responses shall be completed within 60 working days[3] from date of receipt by the third level Appeals Chief"—not within 60 days of plaintiff submitting his appeal. Cal. Code Regs. tit. 15, § 3084.8(c). Plaintiff does not identify the date that his inmate appeal was received by the third level Appeals Chief, nor does he argue that the third level appeal decision was untimely. Second, plaintiff's argument—that his inquiries about the status of his inmate appeal were ignored and he felt there were no means of appeal—is not supported by the evidence he has submitted. Plaintiff attached as Exhibit A to his objections a copy of the inmate request form that he sent to the Appeals Coordinator on June 22, 2018 asking when a response to his pending third level appeal was due. (Doc. No. 35 at 6.) Contrary to his assertion that he was ignored, plaintiff received a staff response on July 2, 2018 stating that his inmate appeal was in process within the Office of Appeals and had not yet been completed, and "pursuant to [C.C.R. §] 3084.8 the third level shall not provide a reason for delay or a due date."[4] (*Id*.). On the same form, plaintiff indicated he disagreed with that staff response and requested supervisor review on July 25, 2018. (*Id*.) The copy of the form provided to the court does not show a response in the supervisor's review section, but the third-level decision denying plaintiff's inmate appeal was made on August 20,

---

[3] "Working days" are typically considered to be all days except Saturdays, Sundays, and holidays." *Joy v. King*, No. 2:19cv0790 JAM DB P, 2019 WL 5063444, at *6 (E.D. Cal. Oct. 9, 2019).

[4] Section 3084.8(e) states, "[e]xcept for the third level, if an exceptional delay prevents completion of the review within specified time limits, the appellant, within the time limits provided in subsection 3084.8(c), shall be provided an explanation of the reasons for the delay and the estimated completion date." Cal. Code Regs. tit. 15, § 3084.8(e).

2018, less than a month later.  The court is not persuaded by plaintiff's arguments that he was ignored by prison officials or had no means to appeal.  Plaintiff's objections provide no basis upon which to reject the pending findings and recommendations.

Accordingly,

1. The findings and recommendations issued on July 30, 2019 (Doc. No. 33) are adopted in full;
2. Defendants' motion for summary judgment based upon plaintiff's failure to exhaust his administrative remedies, with respect to the claims presented in this action, prior to filing suit as required (Doc. No. 30) is granted;
3. This case is dismissed without prejudice; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 25, 2019**

UNITED STATES DISTRICT JUDGE